IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOT CONSISTING OF 16,454 SQ. FT. OF ) <br> LAND, MORE OR LESS, SITUATED IN ) <br> COOK COUNTY, STATE OF ILLINOIS ) <br> (COMMONLY KNOWN AS 10 W. JACKSON, ) <br> CHICAGO, ILLINOIS); LASALLE NAT'L ) <br> BANK, f/k/a AMERICAN NAT'L BANK AND ) <br> AND TRUST CO. OF CHICAGO, A ) <br> NATIONAL BANKING ASSOCIATION, AS ) <br> TRUSTEE UNDER TRUST AGREEMENT ) <br> DATED OCTOBER 30, 1982 AND KNOWN ) <br> AS TRUST NUMBER 56244, ITS ) <br> SUCCESSORS AND ASSIGNS, ) <br> ) <br> Defendants. ) | Case No. 05 C 5560 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this decision, the Court considers the defendants' petition for fees for duplicative attorney and expert services, filed pursuant to the Court's orders of March 2, 2007 and May 18, 2007. Defendants have claimed a total of $57,726.25. For the reasons stated below, the Court awards defendants $32,913.75.

### Background

In October 2006, the Court set this eminent domain case for trial on Monday, March 5, 2007. At the final pretrial conference, held on February 21, 2007, the government's counsel

advised that its retained expert witness was scheduled to have elective foot surgery and would not be available during the two to three day period for which the trial was scheduled. After discussion, it became apparent that the government had not been diligent in ensuring that its witnesses would be available on the trial date set months earlier – indeed, it had done nothing in this regard. The Court noted that unless the case could be tried close to the scheduled date, a lengthy continuance would be necessitated by other scheduled trials, so it proposed to continue the trial by several days to accommodate the witness. The government's counsel, however, had not obtained any information about when the witness would be available. Counsel for the defendants advised that the defendants would be prejudiced by a continuance because they had begun trial preparation. The Court denied the government's oral motion for continuance due to its belatedness and the government's lack of diligence, as well as the government's inability to advise when the witness would be available to testify.

The next the Court heard about this was after 3:00 p.m. on Friday, March 2, 2007, the business day before the scheduled trial date. Counsel for both sides telephoned the Court, and the government's counsel advised that its expert would be unavailable to testify at any time during the week of March 5. Counsel still had no information regarding when the witness would be available. (The circumstances are more fully set forth in the Court's order of March 2, 2007.) The government renewed its motion for a continuance. As the Court noted in its March 2, 2007 order, because the renewed motion came nine full days after the initial belated motion, the prejudice to the defendants was even greater, as their counsel were "geared up and ready to proceed with trial on Monday morning." Order of Mar. 2, 2007.

During the conference call, as memorialized in the Court's March 2, 2007 order, the

Court advised the government's counsel that due to the government's lack of diligence and the dilatory and belated nature of its request, the Court would be inclined to grant a continuance only on the condition that the government agree to reimburse the defendants for the reasonable value of any duplicative time that defense counsel would have to expend, prior to the rescheduled trial date, once again getting ready to try the case. The government's counsel expressly agreed to this condition, without seeking to impose any limitations or conditions of its own. The Court granted the motion for continuance to avoid undue prejudice to the government on the merits of the case but expressly conditioned the grant of a continuance on the government's undertaking to reimburse the defendant for duplicative time and expense, which the Court found was "necessary to avoid undue prejudice to the defendant[s]." *Id.*

The Court directed the defendants to submit a good faith estimate of their reasonable fees that it anticipated would have to be duplicated. Defendants did so prior to trial, providing an estimate of $62,450. In an order dated May 18, 2007, the Court expressed concern "that defendant's estimate may be excessive" and thus deferred final determination of the matter until after trial, requesting that defendants provide supporting documentation at that time for any duplicative time and expense.

Defendants have now filed a statement of duplicative fees and expenses totaling $57,726.25. This includes 91 hours of attorney time for their principal counsel Langdon Neal and Michael Leroy at an hourly rate of $350 (24 for one and 67 for the other) and 90.25 hours of time for assistant counsel Paul Rickelman at an hourly rate of $200, and a total of 28.25 hours for defendants' retained experts (11.75 for one, at $315 per hour, and 16.5 for the other, at $250 per hour). Defendants' submission includes a day-by-day description of the allegedly duplicative

time claimed.

The government objects to the request on several grounds. Its objection that defendants did not comply with Local Rule 54.3 is lacking in merit, as the Court opted out of the provisions of the Rule when it set a shorter time frame for briefing the matter than the Rule provides. The Court opted out of the Rule because its requirements are unduly cumbersome and burdensome for the focused matter at issue in this case. That said, defendants will have to bear the burden of any lack of sufficient detail in their records, as discussed below.

The government's other objections are as follows: some of defendants' counsel's descriptions of work done group multiple tasks in a single entry, making it difficult to determine how much time was spent on each task; no invoices from the experts are included and no identification of the dates on which their work was done are provided, making it difficult to determine whether time claimed was actually duplicative; and significant portions of the attorney time claimed is excessive, or representative of duplicative effort within the law firm of defendants' counsel, or both. The government has not objected to the hourly rates claimed by defense counsel and the expert witnesses, and the Court finds these rates to be reasonable based on its own experience in dealing with attorney's fee petitions and claims for expert fees.

The Court notes at the outset that it takes defendants' counsel, who are officers of the Court, at their word when they contend that the time claimed represents work that they believe they had to redo as a result of the three and one-half month delay in the trial. As indicated above, the government's renewed motion for a continuance came after 3:00 p.m. on the business day before trial. Defendants' counsel were, without question, "ready to go" at that point on the anticipated trial date, and the continuance resulted in the wasting of a significant amount of the

trial preparation work done up to that date. The Court knows from its own experience in trying cases that when a trial date is continued at the eleventh hour as this one was, a significant amount of duplicative time is reasonably necessary to once again get geared up and ready to go when the trial is later held. This is true even if, for example, counsel prepared their opening statement and closing argument and their examinations of witnesses before the trial was continued. Preparation for trial is an intense experience in which skilled counsel immerse themselves in the evidence and the law relating to the case to be tried, to the exclusion of all other matters to the extent possible. When a trial is thereafter delayed, a lawyer, even a very good one, cannot simply pick up where he left off; it is normal, and understandable, that work will have to be redone.

The same is true for a witness, even professional experts like defendant's appraisers. Even if the witness has been thoroughly prepared to testify, when the trial is continued it is a given that he will have to be re-prepared, particularly if the continuance is a long one like the one granted at the government's request in this case.

That said, the condition to which the government agreed and that the Court imposed was that the government would pay *reasonable* fees of defendants' counsel and experts necessitated as a result of the continuance. The Court has to make a judgment regarding reasonableness based on the materials that defendants chose to provide. In this regard, certain of the government's objections are well taken.

The Court has carefully reviewed the time entries submitted by defendants' counsel and has broken them down into the following categories:[1]

---

[1] Some of the entries in defendants' submission include time that actually would fall in more than one category. In these instances, the Court has put all of the time into the category that appears to represent the majority of the time claimed in the particular entry.

| Subject | Leroy time | Leroy dates | Neal time | Neal dates | Rickelman time | Rickelman dates |
|---|---|---|---|---|---|---|
| Motion to continue & work done to set new trial date | 11.75 | 3/2, 3/5, 3/6 | 0 | none | 1.5 | 3/2, 3/5 |
| Prepare file to be put away pending new date | 0.75 | 3/19 | 0 | none | 13.5 | 3/5, 3,6, 3/7 |
| Prepare estimate of duplicative fees | 13.25 | 3/7, 3/8, 3/9, 3/10, 3/14, 3/15 | 0 | none | 2.0 | 3/6, 3/8, 3/12 |
| Review govt's resp. to estimate; decide whether to reply | 3.0 | 3/22, 3/23, 3/26 | 0 | | 0 | |
| Review order re fee estimate | 1.25 | 5/17, 5/18 | 0 | none | 0 | none |
| Review of files & other prep. for trial (i.e., not identified as prep. for witness exams) | 4.25 | 5/21, 5/23, 5/25 | 0 | none | 27.25 | 5/15, 5/23, 5/24, 5/29, 5/30, 6/5, 6/5, 6/6, 6/11, 6/19 |
| Prep. of exams of both sides' experts & prep. of experts to testify | 22.5 | 5/29, 5/30, 5/31, 6/1, 6/6, 6/7, 6/16, 6/21 | 24.0 | 6/20, 6/21, 6/22, 6/23, 6/25 | 49.5 | 5/17, 5/22, 5/31, 6/5, 6/7, 6/8, 6/8, 6/18, 6/20, 6/21, 6/22, 6/23 |
| Plan for / set up site inspection / dry run | 0 | none | 0 | none | 3.5 | 5/16, 6/19, 6/20, 6/21 |
| Prep. of fee petition | 10.0 | 7/12, 7/13, 7/16, 7/25, undated | 0 | | 7.5 | 7/16, 7/16, 7/17, 7/26 |
| TOTAL HOURS | 66.8 | | 24 | | 97.25 | |
| Hourly rate | 350 | | 350 | | 200 | |
| TOTAL AMOUNT | 23363 | | 8400 | | 19450 | |

The Court has not included in this grid the following time entries, which are plainly non-compensable: 1.5 hours on June 6, 2007 and 2.5 hours on June 20, 2007 for Rickelman to review motions *in limine* long after they had been ruled upon; a 3.5 hour entry for Rickelman on June 5, 2007 that is included twice in the submission; and a 0.25 hour entry for Leroy on March

29, 2007 which is described as review of an order that the Court did not enter until mid-May.

The Court also notes that the totals in the grid for Neal and Rickelman do not match with the totals provided in defendant's submission, but they do, to the best of the Court's ability, accurately account for the time entries contained in that submission, with the exception of those referenced in the previous paragraph.

The Court finds excessive and/or duplicative some of the time claimed by defense counsel. In its analysis, the Court has taken into account the fact that some economy is achieved by having done the work once, before a continuance was granted. In other words, the re-startup time is not quite as high as the original startup time.

Having re-reviewed the original estimate of duplicative fees prepared by defendants, the Court finds excessive the time claimed by attorney Leroy to prepare that estimate and will reduce that time by one-half, to 6.5 hours. The Court will, for the same reason, reduce by one-third, to 2.0 hours, the time claimed by Leroy for reviewing the government's response to the estimate and deciding whether to reply. Similarly, the Court will reduce to 0.5 hours the time claimed by Leroy for reviewing the order deferring ruling on the fee award (which was one paragraph long) and discussing it with his client.

The Court understands that some time was required following the continuance to organize the file and put it away so that it could be accessed easily as the new trial date approached, but the claim of 13.5 hours by attorney Rickelman for this task is excessive by at least two-thirds, and thus the Court will reduce the time claimed by Rickelman to 4.5 hours.

The largest single component of time claimed is for preparation of the trial examinations of the government's expert appraiser and the defendants' expert appraisers, and meeting with the

defendants' experts to prepare them to testify. The Court acknowledges that in many law firms, it is the usual and reasonable course to assign an associate who will not be examining the witness to perform a significant amount of the necessary "spade work" to outline the examination and put together the materials needed by the lawyer who will conduct the examination. For this reason, the Court rejects the government's argument that none of attorney Rickelman's time spent on these tasks and other trial preparation activities should be compensated. On the other hand, it appears that the two principal lawyers (Neal and Leroy) and Rickelman all spent significant time with, and on the examinations of, both of the defense experts. The Court does not consider it reasonable to shift all of this time to the government; in most instances, one attorney would have been sufficient. The Court will reduce each attorney's time in this regard by one-half, to 11.25 hours for Leroy, 12 hours for Neal, and 24.75 hours for Rickelman.

The time claimed by Rickelman for other trial preparation activities not specifically identified as involving witness preparation appears to the Court to be excessive in the sense that it does not take into account the fact, noted earlier, that not as much time is required to recreate what was previously done as to create it in the first place. The Court will reduce Rickelman's time in this regard by one-third, to 18.0 hours.

The time claimed for preparing the post-trial fee petition is excessive. There was nothing unreasonable about having attorney Rickelman do the basic work, but given the length and nature of the submission, which the Court has reviewed in detail, the time reasonably spent is approximately half the time claimed: 5 hours for Leroy, and 3.75 hours for Rickelman.

The remaining time entries appear to the Court to be reasonable and are approved. Based on the reductions that the Court has made, the Court finds that the following represents the

reasonable amount of attorney time duplicated as a result of the government's motion for continuance:

| Subject | Leroy time | Neal time | Rickelman time |
|---|---|---|---|
| Motion to continue & work done to set new trial date | 11.75 | 0 | 1.5 |
| Prepare file to be put away pending new date | 0.75 | 0 | 4.5 |
| Prepare estimate of duplicative fees | 6.0 | 0 | 2.0 |
| Review govt's resp. to estimate; decide whether to reply | 2.0 | 0 | 0 |
| Review order re fee estimate | 0.5 | 0 | 0 |
| Review of files & other prep. for trial (i.e., not identified as prep. for witness exams) | 4.25 | 0 | 18.0 |
| Prep. of exams of both sides' experts & prep. of experts to testify | 11.25 | 12.0 | 24.75 |
| Plan for / set up site inspection / dry run | 0 | 0 | 3.5 |
| Prep. of fee petition | 5.0 | 0 | 3.75 |
| TOTAL HOURS | 41.5 | 12 | 54.25 |
| Hourly rate | 350 | 350 | 200 |
| TOTAL AMOUNT | 14525 | 4200 | 10850 |

This leaves for consideration the duplicative expert witness time claimed. As the government notes, the time entries for the expert witnesses do not include specific dates, which is the basis for one of the government's objections. Two of the time entries for expert witness Michael Marous specifically relate to meetings with defense counsel in February and March 2007, which predated the continuance and thus are not compensable. Marous's initial entry, which precedes in sequence the entry for the February and March meetings, describes the work done as "initial preparation for trial testimony," which likewise appears to have predated the continuance. Though it is likely that these entries represent an honest error, defendants will have

9

to live with that; the Court excludes both of these entries from the amount properly compensable. The later entry for Marous for travel time for two meetings corresponds with counsel's entries indicating meetings with Marous on June 21 and June 22, 2007. This and the final entry for Marous to re-review his file are reasonable. The reasonable amount of duplicative time spent by Marous is 4.25 hours at $315 per hour, for a total of $1,338.75.

The duplicative time claimed for expert James Gibbons appear to the Court to be unreasonably excessive. There is no question that an expert, like counsel, will have to "gear up" again if a trial is continued at the last minute as this one was, in view of the fact that numerous other events and assignments will have occupied his attention in the intervening period. But having observed the examination of Gibbons at trial, the Court believes that one full day's work, or 8.0 hours, represents the reasonable amount of duplicative time spent by Gibbons. The value of this time, at $250 per hour, is $2,000.

## Conclusion

For the reasons stated above, the Court grants in part defendants' petition for fees for duplicative services [docket no. 90]. The Court directs the government to pay defendants $32,913.75.

Date: August 24, 2007

_____
MATTHEW F. KENNELLY
United States District Judge